UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                          )
CARLOS MORALES,                           )
        Plaintiff                         )
                                          )
VS.                                       )
                                          )
DETECTIVE DANIEL DESMARAIS,               )
LIEUTENANT JAMES HODGDON,                 )
OFFICER BELAND, and                       )
DEPUTY CAPTAIN RYAN, police officers in   )
        The City of Lowell, and           )
THE CITY OF LOWELL,                       )
        Defendants                        )
_____)
```

## COMPLAINT AND JURY DEMAND

INTRODUCTORY STATEMENT

1. The Plaintiff, Carlos Morales, brings this action to recover damages against the Defendants for violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the Commonwealth of Massachusetts. The Defendant police officers violated the Plaintiff's rights by, among other things, unlawfully undressing the Plaintiff in public, indecently assaulting and battering him by reaching into his buttocks, illegally strip searching him without a warrant and/or without justification. The Defendant City of Lowell is liable for the actions of all four Defendant police officers, by failing to properly supervise police officers, and by failing to properly train police officers and supervisors.

1

2. The Plaintiff is suing Det. Desmarais, Lt. Hodgdon, Officer Beland, and Dept. Capt. Ryan, individually for damages for violations of his civil and constitutional rights as protected by 42 U.S.C. §1983, and M.G.L. c. 12, §11I.

3. The Plaintiff is suing Det. Desmarais, Lt. Hodgdon, Officer Beland, and Dept. Capt. Ryan, individually for damages for tortuous misconduct of assault and battery, indecent assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy.

4. Pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 2 and 3, the Plaintiff is suing the City of Lowell for damages proximately resulting from its reckless, gross negligent, and negligent retention, supervision, and assignment of Lowell Police officers Desmarais, Hodgdon, Beland, and Ryan.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C., §§ 1983 and 1988. This court has jurisdiction over the Plaintiff's constitutional claims pursuant to 42 U.S.C. §§ 1331 and 1343 (3) and (4). The Plaintiff's state claims are properly before this court pursuant to the doctrine of pendant jurisdiction.

## THE PARTIES

6. The Plaintiff, Carlos Morales, is a Hispanic adult individual, who at all times relevant to the allegations of this Complaint, resided at 189 Walker Street, Apt. 9, Lowell, Middlesex County, Massachusetts.

7. The Defendant, Detective Daniel Desmarais, (hereinafter, "Det. Desmarais"), was at all times relevant to the allegations of this Complaint, a police officer in the Police Department of the City of Lowell, Middlesex County, Massachusetts.

8. The Defendant, Lieutenant James Hodgdon, (hereinafter, "Lt. Hodgdon"), was at all times relevant to the allegations of this Complaint, a police officer in the Police Department of the City of Lowell, Middlesex County, Massachusetts.

9. The Defendant, Officer Beland, whose first name is not now known to the Plaintiff, was at all times relevant to the allegations of this Complaint, a police officer in the Police Department of the City of Lowell, Middlesex County, Massachusetts.

10. The Defendant, Deputy Captain Ryan, whose first name is not now known to the Plaintiff, was at all times relevant to the allegations of this Complaint, a police officer in the Police Department of the City of Lowell, Middlesex County, Massachusetts.

11. The Defendant, City of Lowell, (hereinafter, "the City"), is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts and located in Middlesex County, Massachusetts.

12. All of the named Defendant police officers acted under color of law, while engaged in the conduct alleged in this Complaint.

FACTS

13. On November 12, 2009, at approximately 1:20 p.m., Det. Desmarais, who had been surveilling the Plaintiff on the suspicion of selling narcotics, observed the Plaintiff drive a motor vehicle into the driveway of a house, which was a suspected heroin distribution location.

14. After the Plaintiff left the location, he drove back to his home, followed by Det. Desmarais and Lt. Hodgdon.

15. Once the Plaintiff stopped his vehicle, both officers got out of their vehicles and attempted to approach the Plaintiff. The Plaintiff then drove off and a police chase ensued.

16. Det. Desmarais called for back-up and eventually the Plaintiff was stopped on Walker Street in Lowell, Middlesex County, Massachusetts by Officer Beland.

17. When Det. Desmarais arrived on the scene, the Plaintiff was ordered to exit his vehicle and Det. Desmarais proceeded to pat down the Plaintiff for potential weapons, while Officer Beland searched his vehicle.

18. After Officer Beland informed Det. Desmarais that he had found nothing in the Plaintiff's vehicle, Det. Desmarais, suspecting that the Plaintiff was hiding something, proceeded to frisk the rear waistband of the Plaintiff's gym shorts.

19. In response to the frisk, the Plaintiff clenched his buttocks and moved away from Det. Desmarais, which prompted Det. Desmarais to perform an exterior sweep of the Plaintiff's shorts, whereby he felt an unusual lump between the Plaintiff's buttocks cheeks, which Det. Desmarais later admitted in court, did not appear to be a weapon.

20. Based on the Plaintiff's reaction to the pat down and Det. Desmarais' experience with drug dealers and Officer Beland's observation that the Plaintiff had appeared to be trying to put his hands inside his shorts, Det. Desmarais believed that the Plaintiff was hiding narcotics between the cheeks of his buttocks.

21. Det. Desmarais, without any directive or permission from Lt. Hodgdon, who was the officer in charge of the scene, and without any of the officers seeking a search warrant, then took the Plaintiff to what he claimed to be a more

secluded area next to a house, still outside in broad daylight, where he had the Plaintiff spread his legs and then proceeded to pull back the Plaintiff's waistband and looked down his pants long enough to observe a clear plastic bag containing a tannish-brown powder, protruding from between the Plaintiff' buttock cheeks.

22. When Det. Desmarais informed Lt. Hodgdon as to his observation, the Plaintiff attempted to run, but was caught and taken to the ground by Det. Desmarais, with the assistance of Officer Beland, Lt. Hodgdon, and Deputy Captain Ryan.

23. The Plaintiff was then handcuffed behind his back and as he was laying face down on the sidewalk on Walker Street, a busy street, in broad daylight, Det. Desmarais, still without a warrant, proceeded to pull down the Plaintiff's shorts, exposing his bare buttocks, and physically reached between the Plaintiff's buttocks and retrieved the plastic baggie.

24. At or around that time, the Plaintiff's father, Francisco Ferrer, walked up to the scene and observed the incident, where his son was handcuffed, face down on the pavement of the sidewalk with his shorts pulled down to his knees, with his bare buttocks exposed on the side of a busy street in broad daylight.

25. The Plaintiff was then lifted up by the officers, who pulled up his pants. He was then transported by the police to the station, where he was processed.

26. On October 7, 2010, the Lowell Superior Court (Justice Paul A. Chernoff, presiding), conducted an evidentiary hearing on the Plaintiff's Motion to Suppress the baggie of narcotics that Det. Desmarais seized from the Plaintiff's' buttocks.

27. On October 28, 2010, Judge Chernoff allowed the Motion to Suppress. In so finding, the judge reasoned, among other things, that, 1) the search and seizure were unreasonable, where "there was no effort to conduct the search in a private room, where no one could see;" 2) Det. Desmarais' taking the Plaintiff to a more secluded area by a house "falls way short" of the procedure prescribed by the Supreme Judicial Court in *Commonwealth v. Thomas*, 429 Mass. 403 (1999); 3) the "subsequent struggle with the defendant, which resulted in the defendant being subdued in handcuffs while face-down on a public sidewalk, did not provide [Det.] Desmarais with independent grounds to reach between the defendant's buttocks and retrieve the baggie;" 4) the fact that the defendant attempted to reach down his shorts while handcuffed does not affect this conclusion, as Det. Desmarais testified that he knew the item concealed in the defendant's buttocks was not a weapon, and he and Officer Beland could have monitored the defendant closely to prevent the destruction of evidence while they awaited authorization to conduct a strip search;" 5) "there was no showing that [the Plaintiff, Mr. Morales] while cuffed, could have retrieved the bag of drugs from his buttocks nor that he could not have been further restrained to prevent him from reaching into his shorts;" 6) "there was no exigency in this case to justify the officers' complete disregard of their department's policy regarding strip searches or their failure to follow *Thomas'* guidance;" and, 7) "the search was . . . conducted in a manner that constituted an unreasonable intrusion on the defendant's privacy."

28. The humiliating and invasive treatment, which befell the Plaintiff, at the hands of the Lowell police occurred on two separate occasions. First, when Det.

6

Desmarais took the Plaintiff to the side of the house and opened his waistband and looked down his shorts and second, when Det. Desmarais pulled down the Plaintiff's shorts, exposed his bare buttocks, and retrieved the baggie from his buttocks, while he was handcuffed and face-down on the sidewalk of a busy street in broad daylight.

29. In addition to the actions by Det. Desmarais, the three other Lowell police officers involved: 1) Lt. Hodgdon, who was the officer in charge, 2) Officer Beland, and 3) Deputy Captain Ryan, all subjected the Plaintiff to the same violation of his rights and contributed to the injuries that he sustained.

30. Police officers have an affirmative duty to enforce the law and protect the peace, which included stopping other police officers from violating the law.

31. Police officers may not ignore the duty imposed by their office and fail to stop other officers who illegally punish a third person in their presence.

32. Thus, while Det. Desmarais clearly violated the Plaintiff's rights on two separate occasions, Lt. Hodgdon, Officer Beland, and Dep. Cpt. Ryan, who were all present and did nothing to prevent it, were liable as well.

33. The Lowell Police subjected the Plaintiff to a hostile physical and emotion brutality, assault and battery, and indecent assault and battery, which the Constitutions of the United States and the Commonwealth of Massachusetts prohibit.

34. The humiliation and invasion of privacy inflicted upon the Plaintiff by the Lowell Police were objectively unreasonable in the totality of the facts and circumstances known to the Lowell Police officers at the time of their actions.

35. Those actions inflicted upon the Plaintiff were done under color of law, without legal justification and constitute an indecent assault and battery, negligence, an unreasonable and excessive invasion of privacy, and violated the Plaintiff's civil rights.

36. The injuries that the Plaintiff sustained were a proximate result of the actions of the City of Lowell Police Department, the City of Lowell, the Mayor of the City of Lowell, the Superintendent of the Lowell Police Department, and the four (4) Lowell police officers, who were at the scene, in both their official and individual capacities.

37. The humiliation and emotional scars that the Plaintiff suffered and the violation of the Plaintiff's civil rights occurred as a result of the unlawful acts, omissions, and procedures of the Lowell Police Department and its officers.

38. The Plaintiff's specific rights, which the Lowell Police violated, are as follows:

    a. The right to freedom from the use of excessive and unreasonable force;
    b. The right to be secure in his person;
    c. The right to due process and equal protection of the law;
    d. The right to be protected from unreasonable search and seizure without probable cause;
    e. Such other rights, including those set forth above which are guaranteed under the laws and the Constitution of the United States by the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 United States Code sections 1981, 1983, 1986, and 1988;

    f. Such other rights which are guaranteed under the laws of Massachusetts and the Massachusetts Declaration of Rights to the Constitution of the Commonwealth, including but not limited to negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, assault and battery, indecent assault and battery and a violation of his civil rights.

39. As a direct and proximate result of the illegal acts, omissions, and procedures of the City of Lowell Police Department and its officers, the City of Lowell, the Mayor of the City of Lowell, and the Superintendent of the Lowell Police Department, the Plaintiff suffered injuries, specifically severe emotional distress.

40. From November 12, 2009 until today (and continuing) the Plaintiff continues to relive portions of the humiliating attack on him by the Lowell Police officers and feels apprehensive whenever he sees Lowell Police officers or cruisers today.

41. As a direct and proximate result of each Defendant's conduct as set forth above, the Plaintiff sustained the following further injuries and damages, past and future, among others:

    Mental suffering and emotional distress;

    Interference with and violation of constitutional rights;

    All damages and penalties recoverable under 42 U.S.C. §1983 and federal and state civil rights law.

## COUNT I – LIABILITY OF DEFENDANTS DESMARAIS, HODGDON, BELAND, AND RYAN, EACH INDIVIDUALLY, PURSUANT TO 42 U.S.C. §1983

42. The Plaintiff hereby repeats and incorporates by reference herein the allegations contained in Paragraphs one through forty-one of his Complaint as if separately set forth.

43. By the actions and omissions described above, Defendants Detective Desmarais, Lieutenant Hodgdon, Officer Beland, and Deputy Captain Ryan, individually violated 42 U.S.C. §1983, depriving the Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

   a. The right to be free from excessive or unreasonable force as secured by the Fourth Amendment;

   b. The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

   c. The right to be free from wrongful arrest, detention, and imprisonment as secured by the Fourth Amendment;

   d. The right to be free from deprivation of equal protection of the law as secured by the Fourteenth Amendment; and,

   e. The right to be free from deprivation of liberty and from the use of unjustifiable force without due process of law as secured by the Fourteenth Amendment.

44. The Defendants subjected the Plaintiff to the Defendants' wrongful conduct, depriving the Plaintiff of rights described herein, knowingly, intentionally, maliciously, and with conscious and reckless disregard for whether the rights and safety of the Plaintiff would be violated by their acts and/or omissions.

45. As a direct and proximate result of the Defendants' acts and/or omissions as set forth above, the Plaintiff sustained injuries and damages as set forth in Paragraphs 37-41, above.

46. The conduct of Detective Desmarais, Lieutenant Hodgdon, Officer Beland, and Deputy Captain Ryan entitles the Plaintiff to compensatory and punitive damages and penalties allowable under 42 U.S.C. §1983 and Massachusetts state law.

47. The Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. §1988 and as otherwise allowed by law.

## COUNT II – LIABILITY OF DEFENDANTS DESMARAIS, HODGDON, BELAND, AND RYAN, EACH INDIVIDUALLY PURSUANT TO MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C.12, §11I

48. The Plaintiff hereby repeats and incorporates by reference herein the allegations contained in Paragraphs one through forty-seven of his Complaint as if separately set forth.

49. By the actions and omissions described above, including, but not limited to threats, coercion, and intimidation, Defendants Detective Desmarais, Lieutenant Hodgdon, Officer Beland, and Deputy Captain Ryan, pursuant to M.G.L. c. 12, §11I, were individually liable to the Plaintiff for compensatory damages upon the following grounds:

    a. The deprivation of federal constitutional and civil rights as itemized in Count I, above; and,

    b. The deprivation of Massachusetts constitutional and civil rights safeguarding citizens against (1) unreasonable seizure, arrest, and search, as guaranteed by Article 14 of the Massachusetts Declaration of Rights;

and (2) racially and/or ethnically discriminatory treatment by state or local government officials, as guaranteed by Article 1 of the Massachusetts Declaration of Rights.

### COUNT III – LIABILITY OF DEFENDANTS DESMARAIS, HODGDON, BELAND, AND RYAN, EACH INDIVIDUALLY FOR TORTIOUS MISCONDUCT AND/OR WRONGDOING

50. The Plaintiff hereby repeats and incorporates by reference herein the allegations contained in Paragraphs one through forty-nine of his Complaint as if separately set forth.

51. The individual Defendant police officers are each liable to the Plaintiff for compensatory and appropriate punitive damages for the following tortuous misconduct:

    Assault and battery;

    Indecent assault and battery;

    Intentional infliction of emotional distress;

    Negligent infliction of emotional distress; and,

    Invasion of privacy.

### COUNT IV – LIABILITY OF DEFENDANT CITY OF LOWELL UNDER THE MASSACHUSETTS TORT CLAIMS ACT, M.G.L. C.258, §2

52. The Plaintiff hereby repeats and incorporates by reference herein the allegations contained in Paragraphs one through fifty-one of his Complaint as if separately set forth.

53. Officials of the Defendant, City of Lowell supervised the retention and assignment of Defendants, Desmarais, Hodgdon, Beland, and Ryan, as members of the Lowell Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City liable for all proximately caused damages to the Plaintiff under M.G.L. c.258, §2.

54. Pursuant to M.G.L. c.258, §4, the Plaintiff first presented his claim in writing to James L. Milinazzo – the mayor of the City of Lowell, Christine O'Connor, Esq. – City Solicitor for the City of Lowell, and Kenneth Lavellee – Superintendent of Police for the City of Lowell by letter dated October 19, 2011, sent by certified mail, return receipt requested (hereinafter, "Presentment Letter").

55. Included with the October 19, 2011 Presentment Letter to Police Superintendent Lavellee were four (4) copies of the Presentment Letter for each of the four (4) Defendant police officers.

56. The Plaintiff received no response from any of the addressee of the Presentment Letter.

57. The Plaintiff received no response from any of the Defendants to the Presentment Letter.

58. The Plaintiff has complied with all conditions precedent to bring this action pursuant to M.G.L. c. 258.

59. Pursuant to the M.G.L. c. 258, more than six (6) months has pass from the date of the Presentment Letter and the Plaintiff has not received any response, which is considered a denial of the claim.

WHEREFORE, the Plaintiff demands that this court:

A. Award the Plaintiff compensatory damages against the Defendants, jointly and severally, in the amount of One Hundred Thousand Dollars ($100,000.00) each;

B. Award the Plaintiff punitive damages against the Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) each;

C. Award the Plaintiff his costs and attorney's fees; and,

D. Award such other relief as the court deems just and proper.

THE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Carlos Morales,
Plaintiff,
By his attorney,

/s/ Steven Sroczynski

Steven Sroczynski
BBO# 680387
Thomas F. Williams & Associates, P.C.
21 McGrath Highway, Suite 501
Quincy, MA 02169
Tel: (617) 847-4200
ssroczynski@lawofficetwilliams.com