UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
CARLOS MORALES,                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )            Civil Action No. 12-12096-LTS
                                        )
DANIEL DESMARAIS, et al.,               )
                                        )
            Defendants.                 )
_____)


ORDER ON DEFENDANT CITY OF LOWELL'S
MOTION TO DISMISS COUNT IV

June 21, 2013

SOROKIN, C.M.J.


Pending is the Defendant City of Lowell's Motion pursuant to Fed. R. Civ. P. 12(b)(6)

to Dismiss Count IV of Plaintiff Carlos Morales's Complaint.  Docket # 27.  For the following

reasons, the City's motion is ALLOWED.

I.     PROCEDURAL AND FACTUAL BACKGROUND

       On November 9, 2012, Morales brought suit against the City and four of its police

officers pursuant to 42 U.S.C. §1983 and the Massachusetts Tort Claims Act.  Docket # 1.

Morales's claims arise from his November 12, 2009 encounter with Defendant Detective Daniel

Desmarais and three other police officers and superior officers.  Id.[1]  Morales alleges inter alia

_____

       [1] In keeping with the standard of review applicable to motions brought pursuant to Fed.
R. Civ. P. 12, the allegations of the Complaint are recited herein as if true.

that the defendant officers violated his Fourth Amendment rights by conducting an

unconstitutional search, arresting him without probable cause and using excessive force in the

course of arresting him.  Id.

Count IV of the Complaint is directed against the defendant officers' employer, the City

of Lowell, pursuant to M.G.L. c. 258 § 2 (the Massachusetts Tort Claims Act) for negligent

retention and supervision of the officers.  Id. at ¶¶ 52-59.  Morales alleges therein that

"[o]fficials of the Defendant, City of Lowell supervised the retention and assignment of

Defendants Desmarais, Hodgdon, Beland and Ryan, as members of the Lowell Police

Department with such recklessness, gross negligence and ordinary negligence as to render the

city liable for all proximately caused damages to [Morales]."  Id. at ¶ 53.  The City moves to

dismiss that claim, asserting inter alia that Morales did not make proper pre-suit presentment of

the claim in Count IV, and that Count IV does not state a claim upon which relief may be

granted because it advances a type of claim barred by the Tort Claims Act.[2]

II.     APPLICABLE STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw

all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st

Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court

---

[2] The City also argues that the claim is insufficiently pleaded.  The Court finds that Count IV meets Rule 8's notice pleading standards.

must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 556 U.S. at 663-64). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief."  Id.

III.    DISCUSSION

The Tort Claims Act effected a waiver of the traditional sovereign immunity and provides that public employers (such as the City) "shall be liable for  . . .  personal injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances."  M.G.L. c. 258, § 2; See Vining v. Commonwealth, 63 Mass.App.Ct. 692, 692 (2005).

Adequacy of Presentment

M.G.L. c. 258 § 4 provides in relevant part that

A civil action shall not be instituted against a public employer on a claim for
damages under this chapter unless the claimant shall have first presented his claim in
writing to the executive officer of such public employer within two years after the
date upon which the cause of action arose, and such claim shall have been finally
denied by such executive officer in writing.

M.G.L. c. 258, § 4.


Although not jurisdictional, proper presentment of a claim is a condition precedent to

bringing suit under the Tort Claims Act.  Estate of Gavin v. Tewksbury State Hosp.,

83 Mass.App.Ct. 139, 142 (2013) (citing Vasys v. Metropolitan Dist. Commn., 387 Mass. 51, 52,

56 (1982)).  Presentment is not a mere technicality, but rather serves important public purposes,

including ensuring that responsible public officials receives timely notice of claims in order to

investigate their validity, settle valid claims, avoid payment of nonmeritorious claims, and to

take steps to ensure that similar claims will not be brought in the future.  Id. at 142-43.

Challenges to presentment take one of three forms, challenging: the timeliness of presentment;

the proper identity of the official notified; and, "whether the presentment adequately identified

the nature of the claim and the legal basis on which liability is alleged."  Koran v. Weaver, 482

F.Supp.2d 165, 170 (D.Mass.April 17, 2007) (Stearns, J.).

The first two categories of challenges to the adequacy of presentment are not at issue

here – rather, the City moves to dismiss Morales's claim on the third ground, by challenging the

sufficiency of the content of his presentment letter.  See Docket # 58 at 6-10.  Although with

respect to the first two categories of challenges to presentment, "strict compliance is the

unbending rule," the analysis for the adequacy of presentment content is more forgiving, and a

"'presentment letter should be precise in identifying the legal basis of a plaintiff's claim' and must 'not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim which constitutes a proper subject for suit' is being asserted." Koran, 482 F.Supp. at 170 (quoting Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994)).

On October 19, 2011, Morales's counsel wrote to representatives of the City to inform them of Morales's claim.  Docket # 28-1.  Although the letter includes both a lengthy recitation of the factual allegations underlying Morales's claim and a section delineating specific theories of liability against the City (including excessive force, illegal search, due process and equal protection theories, false arrest, negligence, intentional and negligent infliction of emotional distress, invasion of privacy and assault and battery), the presentment letter does not raise the specific claim made in Count IV of the Complaint – i.e., that non-defendant officials of the City supervised the retention and assignment of the defendant officers in a negligent fashion.  Id.; Docket # 1 at ¶ 53.  Although claims stemming from the supervisory acts of the defendants on the scene are referenced within the presentment letter (Id. at 4), Count IV of the Complaint, in contrast, rests upon the conduct of non-defendant officers who supervised and assigned the defendants.

Additionally, Morales states in his presentment letter that:

> The injuries that Mr. Morales sustained were a proximate result of the actions of the City of Lowell Police Department, the City of Lowell, the Mayor of the City of Lowell, the Superintendent of the Lowell Police Department, and the four (4) Lowell Police Officers, who were at the scene, both in their official and individual capacities.

> The humiliation and emotional scars that Mr. Morales suffered and the violation of Mr. Morales' civil rights occurred as a result of the unlawful acts, omissions, and procedures of the Lowell Police Department and its officers.

Docket # 28-1 at 5.

Morales argues that his presentment letter does sufficiently allege a negligent supervision

and retention claim by virtue of the facts that: (1) the presentment letter was addressed to persons

not present at the scene, such as the Mayor, the City Solicitor and the Superintendent of Police;

and, (2) that the presentment letter makes reference to the claims delineated above (including

negligence) having been proximately caused by police department procedures and by the

department generally.  See Docket # 39 at 3-9.

Addressing the presentment letter to non-defendant officials of the public employer is not

significant in and of itself, in light of the fact that the Tort Claims Act requires it.  See M.G.L. c.

258, § 4. (listing those executive officers – such as mayors and city solicitors – to whom

presentment must be made).  In light of the fact that Morales describes in his presentment letter

numerous specific bases for numerous other legal claims, yet does not allege therein that the

officers in question were improperly supervised (other than by the supervising defendants at the

scene), the Court finds that the presentment letter was insufficient to put the City on notice that

such a claim was threatened.

M.G.L. c. 258, § 10(j) Exclusion

In addition to a lack of proper presentment, the City also argues that the type of claim

asserted in Count IV is also barred by the Tort Claims Act.  The broad waiver of the sovereign

immunity contained in the Tort Claims Act is subject to certain exceptions delineated therein.

See,  M.G.L. c. 258, § 10.  For example, it provides in relevant part that the waiver of sovereign

immunity:

shall not apply to

(c)  any claim arising out of an intentional tort, including assault, battery . . . false arrest, intentional mental distress, malicious prosecution . . .  invasion of privacy

. . .

(j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.

   M.G.L. c. 258, § 10.[3]

   The City asserts inter alia that because Count IV alleges a failure by non-defendant supervising officers to prevent or diminish the consequences of the defendant's officers' allegedly tortious actions (which are not alleged to have been originally caused by the City), the claim is within Section 10(j)'s exclusion to the Tort Claims Act's abrogation of the sovereign immunity.   Docket # 28 at 13-16 (citing Eason v. City of Boston, 09-cv-11278-NMG, Docket # 52 (D.Mass.Aug. 19, 2010) (Bowler, M.J.)).

   In Eason, the Plaintiff alleged that the defendant police officers had tackled him and handcuffed him when responding to a call for a person with a gun inside a building the Plaintiff had just exited.  Id. at 4.  The Plaintiff possessed no gun and was injured.  Id.  The defendant officers arrested him for assault and battery on a police officer.  Id. at 5.  Citing Section 10(j), the City of Boston sought to dismiss a count directed against it alleging that the City owed the plaintiff a duty of care which was breached when it failed to adequately hire, train and supervise

---

   [3]  Section 10(j) includes several additional exceptions not relevant to this case.

the officers.[4]  Id. at 5-6.

Judge Bowler found that Section 10(j) bars such claims based upon a failure to train or

supervise because "they are all claims based on the failure to prevent or mitigate a harm, rather

than participation in the initial injury-causing circumstance."  Id. at 6-7 (quoting Ward v. City of

Boston, 367 F.Supp.2d 7, 16 (D.Mass.Mar. 21, 2005) (Dein, M.J.)).  To be an "original cause"

within the meaning of Section 10(j), there must be "an affirmative act (not a failure to act) by a

public employer that creates the 'condition or situation' that results in harm inflicted by a third

party."  Ward, 367 F.Supp.2d at 14 (quoting Kent v. Commonwealth, 437 Mass. 312, 317

(2002)).

The City's argument with respect to the Section 10(j) exclusion is essentially unopposed

by Morales, in that he has not addressed it his opposition to the City's motion, instead citing

caselaw relevant to the City's potential liability under 42 U.S.C., § 1983 (which is not the basis

for the relief sought in Count IV and does not inform the scope of the City's liability under the

Tort Claims Act).  See Docket # 39 at 10-11.  Accordingly, the motion is allowed on this basis as

well.

Accordingly, the City's motion is ALLOWED, and Count IV of the Complaint is

DISMISSED.


SO ORDERED.

/s / Leo T. Sorokin
Chief United States Magistrate Judge

---

[4]  The count also included a claim for negligent hiring, which the City sought to dismiss as insufficiently pleaded.  Morales does not bring such a negligent hiring claim.